This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                         NO.   33,259

**EUGENE BONNEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, Jr., District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

**{1}** Eugene Bonney (Defendant) appeals his conviction for resisting, evading, or obstructing an officer. In our notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. As we do not find Defendant's arguments to be persuasive, we affirm.

**Sufficiency of the Evidence**

**{2}** Defendant contends that there was insufficient evidence to support his conviction. [DS 5] His argument is based on his assertion that the officer who testified that Defendant was the driver of the vehicle was not credible. [DS 4] In this Court's notice of proposed summary disposition, we proposed to hold that the evidence was sufficient. We pointed out that "[a]s an appellate court, we do not substitute our judgment for that of the factfinder concerning the credibility of witnesses or the weight to be given their testimony." *State v. Nichols*, 2006-NMCA-017, ¶ 9, 139 N.M. 72, 128 P.3d 500 (internal quotation marks and citation omitted).

**{3}** In Defendant's memorandum in opposition, he continues to argue that the witness was not credible. [MIO 2-4] However, he provides no authority that would permit this Court to reweigh the evidence in the manner that he proposes. Accordingly, for the reasons stated in our notice, we hold that the evidence was sufficient.

**Motion for a Mistrial**

2

{4} Defendant asserts that the district court erred in refusing to grant a mistrial after the officer testified that the reason she recognized Defendant as the driver of the vehicle was because she had dealt with him on previous warrants. [DS 6] In this Court's notice of proposed summary disposition, we proposed to find no abuse of discretion because this evidence was admissible pursuant to Rule 11-404(B)(2) NMRA in order to prove Defendant's identity. We stated that Defendant's identity was at issue because the State's case depended on the officer's determination that the person who drove away in the vehicle was Defendant. The fact that the officer knew that it was Defendant from prior police contact was relevant to prove that he was the person driving. *See State v. Contreras*, 2007-NMCA-045, ¶¶ 25-27, 141 N.M. 434, 156 P.3d 725 (holding that where the defendant claimed that officers could not properly identify him, his mug shot and prior convictions were relevant to prove identity). We also pointed out that it was Defendant's attorney who elicited this testimony on cross-examination, such that it did not appear that the evidence was purposefully introduced by the prosecutor in order to create an inference that Defendant was prone to criminal behavior.

{5} In Defendant's memorandum in opposition, he does not address the aspect of Rule 11-404(B)(2) that permits the introduction of other crimes if relevant to prove identity. Instead, he simply argues that the rule generally prohibits the introduction of evidence of a defendant's other crimes, wrongs, or acts. [MIO 4-6] Here, however,

3

as we have explained, the evidence was admitted to prove Defendant's identity as the driver of the vehicle, not to prove his "character in order to show that on a particular occasion [he] acted in accordance with the character." *See* Rule 11-404(B)(1). Accordingly, we conclude that the introduction of this evidence did not render Defendant's trial unfair and the district court therefore did not abuse its discretion in denying Defendant's motion for a mistrial.

{6}     Therefore, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{7}     **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Chief Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**TIMOTHY L. GARCIA, Judge**